# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

SAMUEL RITTER, )
)
      Plaintiff, )
)
vs. ) NO. CIV-16-0438-HE
)
OKLAHOMA CITY UNIVERSITY, )
by and through its BOARD OF REGENTS )
ex rel. THE OFFICE OF STUDENT )
AFFAIRS, )
)
      Defendants. )

## ORDER

Plaintiff Samuel Ritter, a graduate student at defendant Oklahoma City University ("OCU"), filed this action after OCU expelled him for an asserted violation of the university's policy regarding sexual misconduct. He alleges OCU violated Title IX of the Education Amendments of 1972 in conjunction with his expulsion. Specifically, plaintiff asserts erroneous outcome and selective enforcement claims under Title IX and a breach of contract claim under state law.[1] OCU has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), contending plaintiff has failed to state a plausible claim for sex discrimination under Title IX. In the absence of a federal claim, defendant contends the court should decline to exercise supplemental jurisdiction over his state law claim.[2]

---

[1] *Plaintiff also asserts a claim for an injunction but, as defendant correctly points out, injunctive relief is a remedy not a claim.*

[2] *The court agrees with defendant that it does not have jurisdiction under 28 U.S.C. §1343(a)(3), as suggested by plaintiff in the amended complaint, because of the lack of allegations of state action. Monks v. Hetherington, 573 F.2d 1164, 1167 (10th Cir. 1978) ("[T]his section [1343(3)] is limited to cases involving state action, which means deprivation of right by a state*

When considering whether a plaintiff's claim should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Shields, 744 F.3d at 640 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Considering the complaint under this standard, the court concludes defendant's motion should be denied.

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX "bars the imposition of university discipline where gender is a motivating factor in the decision to discipline." Yusuf v. Vassar Coll., 35 F.3d 709, 715 (2d Cir. 1994). Students who have been disciplined and sue, attacking a university's disciplinary proceeding on grounds of gender bias, generally assert either an erroneous outcome claim or a selective

---

*officer under the authority or pretended authority of state law."). Plaintiff conceded this issue by not addressing it in his response brief.*

enforcement claim. A selective enforcement claim is based on allegations that, "regardless of the student's guilt or innocence, the severity of the penalty and/or the decision to initiate the proceeding was affected by the student's gender." *Id.* An erroneous outcome claim is based on allegations that "the plaintiff was innocent and wrongly found to have committed an offense." *Id.*

OCU contends plaintiff's selective enforcement claim fails because he has only made conclusory allegations that gender bias was a motivating factor behind its alleged discriminatory actions. If plaintiff is going to plead "upon information and belief" he must, OCU argues, state the underlying factual basis for that information and belief. It also asserts that allegations that OCU's policies related to sexual misconduct disproportionately impact male students[3] or that the university treats accusers more favorably than the accused are insufficient to suggest the required discriminatory intent.

"The Twombly plausibility standard . . . does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant." Arista Records LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations and quotation marks omitted). "Information and belief" pleading "is a permissible way to indicate a factual connection that a plaintiff reasonably believes is true but for which the plaintiff may need discovery to gather and confirm its

---

[3]*Defendant is correct that "Title IX does not provide a private right of action to challenge disciplinary policies based on disparate impact." Doe v. Columbia Univ., 101 F.Supp.3d 356, 375 (S.D.N.Y. 2015), appeal filed, Nos. 15-1661, 15-1536 (2d Cir. May 8, 2016, May 21, 2016).*

3

evidentiary basis." Doe v. Brown Univ., ___F.Supp.3d___, 2016 WL 715794 (D.R.I. Feb. 22, 2016) at *9 (internal quotation marks omitted). This is the type of case for which "upon information and belief" pleading was designed. It is highly unlikely defendant would or possibly could willingly disclose the factual information it criticizes plaintiff for not alleging in his complaint. *See id.* at *8 ("Putting aside for the moment where and how a plaintiff would obtain the referenced data and analysis given the nonpublic nature of the underlying information . . . .").

Admittedly plaintiff's allegations of discriminatory intent are sparse. However, considering all the allegations in the amended complaint, including the asserted facts underlying plaintiff's alleged offense, the alleged manner in which the investigation and disciplinary process were conducted, the allegation that females facing comparable disciplinary charges have been treated more favorably than plaintiff and the assertion that, because of his gender, the sanctions imposed on plaintiff were disproportionate to the severity of the charges levied against him, the court concludes plaintiff has stated a selective enforcement claim. *See generally id.* (allegations regarding gender bias found sufficient to support Title IX erroneous outcome claim).

OCU argues that plaintiff's erroneous outcome claim fails because he has not alleged sufficient facts to suggest his expulsion was erroneous or due to gender bias. Although also a close question, the court concludes the complaint contains sufficient facts "to cast some

4

articulable doubt on the accuracy of the outcome of the disciplinary proceeding."[4] Yusuf, 35 F.3d at 715. The same allegations that demonstrate gender bias for purposes of plaintiff's selective enforcement claim satisfy that element of his erroneous outcome claim.

As plaintiff has sufficiently stated discrimination claims against OCU under Title IX, defendant's motion to dismiss [Doc. #23] is denied.[5] The denial of the motion to dismiss moots plaintiff's motion to amend [Doc. #31], which is stricken.

**IT IS SO ORDERED**.

Dated this 22nd day of July, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[4] *OCU asserts that the complaint does not allege that Ritter is innocent of the allegations made against him. However, plaintiff alleges that the university's asserted defective investigation resulted in "erroneous and adverse findings that Ritter was responsible for the contact, but also that he somehow created a 'hostile environment", and his actions were akin to those of a 'sexual predator.'" Doc. #28, pp. 11-12, ¶69.*

[5] *As defendant notes in its reply brief, it has not challenged the sufficiency of plaintiff's contract claim. Rather, it asks the court not to exercise supplemental jurisdiction over the state law claim if plaintiff's Title IX claims are dismissed.*